IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 25, 2020

**STATE OF TENNESSEE v. JAMES EARL GORDON**

**Appeal from the Circuit Court for Williamson County
No. 999-332  Deanna B. Johnson, Judge**

_____

**No. M2019-01729-CCA-R3-CD**

_____

The Pro Se Defendant, James Earl Gordon, appeals the trial court's summary denial of his motion to correct an illegal sentence, pursuant to Tennessee Rule of Criminal Procedure 36.1, in which he argues that he received ineffective assistance of counsel and raises various constitutional issues. After thorough review, we affirm the denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., joined. CAMILLE R. MCMULLEN J., concurring in results only.

James Earl Gordon, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Kim R. Helper, District Attorney Genera, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In 1995, the Defendant was convicted of premeditated murder and aggravated burglary and was given a life sentence without the possibility of parole and six years to be served consecutively to the life sentence, respectively. See State v. James E. Gordon, No. 01C01-9611-CC-00495, 1998 WL 44920 (Tenn. Crim. App. Feb. 5, 1998), perm. appeal denied (Tenn. Dec. 14, 1998). The Defendant appealed, arguing that there was insufficient evidence to convict him of premeditated murder and aggravated burglary, that the jury erred in sentencing him to life without parole, that the trial court erred in sentencing him

to six years for aggravated burglary, and that the trial court erred in ordering his six-year sentence to be served consecutively to the life sentence. Id. at *4. This court agreed that the six-year sentence should run concurrently to the life sentence but otherwise affirmed the trial court's judgments. Id. at *11.

In 2000, the Defendant filed a petition for post-conviction relief. See State v. James E. Gordon, No. M2000-02435-CCA-R3-PC, 2001 WL 844404, at *1 (Tenn. Crim. App. July 26, 2001), perm. app. dismissed (Tenn. Oct. 8, 2001). In his petition, the Defendant asserted that he had received ineffective assistance of trial counsel. The post-conviction court disagreed, and this court affirmed the post-conviction court's denial of the petition on appeal. Id. In 2014, the Defendant filed an application to reopen his post-conviction petition, which the trial court denied. This court upheld the denial of the application to appeal. See James Earl Gordon v. State, No. M2014-01945-CCA-R28-PC (Tenn. Crim. App. Jan. 14, 2015), perm. app. denied (Tenn. May 15, 2015).

The Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 on May 2, 2019. The Defendant alleged that he received ineffective assistance of counsel, prosecutorial misconduct, coerced confession, and denial of his constitutional right to confrontation. The trial court denied the motion on September 4, 2019, finding that the Defendant had "failed to state a colorable claim for correction of an illegal sentence." The Defendant filed a notice of appeal on September 26, 2019.

## ANALYSIS

In the current appeal, the Defendant asserts five issues, all relating to ineffective assistance of counsel and various constitutional issues, including violation of due process and his rights under the Fourth, Fifth, and Sixth, and Fourteenth amendments to the United States Constitution. The State responds that the Defendant has failed to state a colorable claim for relief under Rule 36.1. We agree with the State.

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

Our supreme court has classified the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). Id. at 594-95. Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. The court held that only fatal errors render sentences illegal. Id.

None of the issues raised by the Defendant are cognizable in a Rule 36.1 motion. See, e.g., State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015) (finding that ineffective assistance of counsel claims are not cognizable under Rule 36.1); State v. Brandon D. Washington, No. W2016-00413-CCA-R3-CD, 2017 WL 2493685, at *2 (Tenn. Crim. App. June 9, 2017), perm. app. denied (Tenn. Oct. 4, 2017) ("Moreover, errors implicating constitutional rights render judgments voidable, not void, and are not colorable claims pursuant to Rule 36.1."). The trial court properly dismissed the Rule 36.1 petition, and the Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the denial of the motion.

_____
ALAN E. GLENN, JUDGE

- 3 -